The Honorable Ken Jacob State Senator, District 19 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Jacob:
This opinion is in response to your question asking:
 Is the hiring of an employee by a public entity violative of the Missouri Constitution's prohibiting nepotism when the employee to be hired is the son of the employer's head football coach when some of the employee's duties will be in an administration line below such head coach but such head coach is not involved in the hiring process?
Based on the information you have provided, it is our understanding that the University of Missouri desires to hire an assistant football coach. The son of the present head football coach is under consideration for that position. Other persons in the athletic department have reviewed the people under consideration for the vacancy and have concluded that the son of the head football coach is the most desirable applicant. You have stated your question to indicate that the head football coach is not involved in the hiring process. The issue for consideration is whether the son of the head football coach at the University of Missouri may be employed as an assistant football coach at that school without violating Article VII, Section 6 of the Missouri Constitution, the nepotism provision, when the head football coach is not involved in the hiring process.[1]
The nepotism provision of the Missouri Constitution, ArticleVII, Section 6, states:
 Section 6. Penalty for nepotism. Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
This office considered a similar issue with respect to Lincoln University in Opinion Letter No. 113, Frank, 1980, a copy of which is enclosed. The issue considered in that opinion was whether the spouse of the President of Lincoln University could be employed at Lincoln University assuming that the President had no function in the spouse being hired. This office concluded that the nepotism provision found in Article VII, Section 6 of the Missouri Constitution did not prohibit the employment by Lincoln University of the spouse of the President of Lincoln University. The statutes considered in the opinion provided for the Board of Curators of Lincoln University to appoint and remove, at discretion, the president, deans, professors, instructors and other employees of the University. Neither the President of Lincoln University nor any other officer or employee of Lincoln University had been given general authority to hire or fire employees of Lincoln University. Because the hiring of the spouse of the President was by the Board of Curators and not the President, this office concluded that there was no violation of the nepotism provision when the spouse of the President was hired by the University.
Article IX, Section 9(a) of the Missouri Constitution provides for the University of Missouri to be governed by a Board of Curators. Such section provides:
 Section 9(a). State university-government by board of curators-number and appointment. The government of the state university shall be vested in a board of curators consisting of nine members appointed by the governor, by and with the advice and consent of the senate.
Section 172.300, RSMo 1994, discusses the authority of the Board of Curators of the University of Missouri with respect to employees of that university. Such section states:
 172.300. Employment of faculty and employees — compensation, retirement, death and disability plans. — The curators may appoint and remove, at discretion, the president, deans, professors, instructors and other employees of the university; define and assign their powers and duties, and fix their compensation, and such compensation may include payments . . . .
Based on this provision, the Board of Curators has the authority to appoint employees of the University. We have been provided information showing that the Board of Curators has delegated the authority to appoint employees, with certain exceptions, to the President of the University of Missouri, and that the President has delegated such authority, with certain exceptions, to the Chancellor of each campus. However, we have been provided no information showing the delegation of the authority to hire an assistant football coach to the head football coach and we will assume that there has been no such delegation.
Under the facts presented, there has been no delegation of the hiring decision to the head football coach. Your question poses the situation where the head football coach is not involved in the hiring process. Because the head football coach is not the person hiring the assistant football coach, there is no violation of the nepotism provision when the University of Missouri hires the son of the head football coach as an assistant football coach.
CONCLUSION
It is the opinion of this office that the son of the head football coach at the University of Missouri may be appointed as an assistant football coach at that school without violating Article VII, Section 6 of the Missouri Constitution, the nepotism provision, when the head football coach is not involved in the hiring process.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Our opinion only addresses the nepotism provision of the Missouri Constitution, Article VII, Section 6. Our opinion does not address any rules or regulations of the University of Missouri that may be applicable. Furthermore, we assume that the son of the head football coach is not related within the fourth degree, by consanguinity or affinity, to any official of the University except his father, the head football coach.